In the present posture of this litigation the position taken by the court below cannot be sustained. It may well be that the Commonwealth has been guilty of laches and that Schroll has been prejudiced by the delay in the institution of this proceeding but there is nothing of record at this stage of the proceedings to sustain a finding of prejudice. The plain, explicit terms of the statute outlining the eligibility of a person to be a school director should not be lightly set aside. There is nothing of record to show wherein nor to what extent Schroll has contributed of his "time, talents and energy" to the district, whether Schroll has had any "expense" connected with his services as school director, etc. Prejudice such as would justify the application of the doctrine of laches against the Commonwealth in this type of situation should be a matter of proof, not conjecture or surmise. To hold otherwise would permit eligibility for the office of school director to depend on the length of the incumbent's service rather than on the terms of the statute.

Judgment reversed with the direction that the record be remanded to the court below for the production of proof, if any, of the manner in which Schroll has been so prejudiced by the Commonwealth's delay in the institution of this proceeding as to justify the application of the doctrine of laches against the Commonwealth.

## Dawson *v.* Pennsylvania Power Company, Appellant.

Argued October 2, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and McBRIDE, JJ.

reargument refused February 12, 1960.

*William A. Challener, Jr.,* with him *Dale Cleland,* and *E. V. Buckley,* for appellant.

*John E. Evans, Jr.,* with him *Evans, Ivory & Evans,* for appellee.

OPINION PER CURIAM, December 30, 1959:
The Court being evenly divided, the judgment of the lower Court is affirmed.

St. Joseph Lead Company and Koppers Company, Inc., Appellants, *v.* Potter Township, Appellant.